*384
 
 Battle, J.
 

 In one part of bis Honor’s instructions to tbe jury, we do not concur. He told them that if the cotton
 
 “
 
 was divided with a view to give each party what belonged to him, this action might be sustained, unless there was, after the division, an agreement on the part of the plaintiff, that his share of the cotton should go in payment of the debt due the defendant, or stand as a pledge for that debt.” Now, it seems to us, that the law applicable to the contract was the same, whether the agreement was
 
 before
 
 or
 
 after
 
 the division, if it were the intention of the parties, as was contended by the 'defendant, that the division should be made merely to ascertain the amount of the plaintiff’s share, so that he might receive credit for the value of it on his account with the defendant. The testimony admitted of that construction, and if the jury should believe that such was the -intention of the parties, we are not aware of any principle of law to prevent its being effectuated. The plaintiff had an undoubted right to sell his undivided share of the cotton to the defendant, either for cash, or in payment of a former debt; and then it would belong to the defendant as soon as it was set apart and ascertained by a division. "We cannot distinguish this case, in principle, from that of a sale of a part only of a large quantity of goods, when such part cannot be ascertained without weighing, or measuring, or other act of separating, or distinguishing it from the rest. There, the purchaser cannot obtain a title to the goods until his portion has been set' apart; but it is clear that his title would accrue, in consequence of the previous agreement, the moment it was set apart;
 
 Morgan
 
 v.
 
 Perkins,
 
 1 Jones’ Rep. 171. The cases cited and relied upon by the plaintiff’s counsel, are not at all opposed to this view;
 
 Ross
 
 v.
 
 Swearingen,
 
 9 Ire. Rep. 481, proves only, that where a lease is made, the rent to be paid in a part of the crop, the contract is executory, and the title to the crop is in the lessee, until the lessor’s part is separated and allotted to him, and that, therefore, before that time, the lessor has no right to take possession of any part of the crop, without the consent of the lessee. But can it be doubted that the effect of the contract of lease
 
 *385
 
 will give tbe lessor a title to the part allotted to him, the moment the division is made ? There could be no necessity for a new agreement
 
 after
 
 the division. The case of
 
 Brazier
 
 v.
 
 Ansley,
 
 11 Ire. Rep, 12, instead of militating against, rather confirms, our position. The Court say, “ in a case like this, which, in principle, is similar to that of a sale of a lesser part out of a larger, the appropriation by the landlord was incomplete, until ratified by the cropper,' or his agent and vendee, the plaintiff. It would be manifestly unjust to suffer the landlord to be sole judge of the rights of the cropper. Not only was the assent of the plaintiff withheld, but he positively refused to receive the corn set apart from him, or his principal.” Would the result have been the same, had the cropper assisted in the division ? Would it have required a new agreement made between him and his landlord, to vest in him the title to his share? We certainly think that his assent to take, would have been implied, and that the moment his portion was separated from that of the landlord, it would have become, to all intents and purposes, his property. In
 
 Hare v.
 
 Pearson, 4 Ire. Rep. 76, a case not referred to by the counsel, it was decided that, where one crops,-or works with the owner of land for a share of the crop, and, after it is made, the crop is divided, the share of the cropper is liable to be sold, though it was levied on before the division, and though it still remains in the crib of the owner of the land. The Court said, “ admit that Powell was the servant and cropper of the defendant, at the time the growing corn was levied on by the officer, as his property, (which then, in fact, was not his, but belonged to the defendant,) still, at the day of sale, the title to the corn actually sold, was in Powell, by the division previously made with the defendant.” Now, if the division made it his, so as to render it liable to sale on a previous levy, we cannot see any reason why a contract of sale made previous to the division, should not make it his, so as to pass instantaneously to the purchaser. In neither case can there be any necessity for an agreement to be made
 
 after
 
 the division to vest the title in him, in order to render it liable to the prior
 
 *386
 
 levy of an'execution, or to the operation of an antecedent contract of sale. Eor the error in the particular mentioned, the judgment must be reversed, and a
 
 venire de novo
 
 awarded.
 

 Pee Cueiam. Judgment reversed.